IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HUSKEY,<br><br>          Plaintiff,<br><br>     vs.<br><br>PAM AHLIN, et al.,<br><br>          Defendants.<br>_____/ | Case No. 1:11-cv-00764 JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 11) |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 17, 2011, (Doc. 10), the Court denied Plaintiff's motion to consolidate his action with a related case, Allen v. Mayberg, et al., 1:06-cv-1801-BLW. (Doc. Now pending before the Court is Plaintiff's motion for reconsideration filed November 3, 2011. (Doc. 11.)

To the extent that Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b), such relief is not warranted in this case. Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Accordingly, "reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear

error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). See also Local Rule 230(j) (requiring the party seeking reconsideration to demonstrate, among other things, what new or different facts or circumstances are claimed to exist which did not exist at the time of the prior motion).

Here, Plaintiff largely reiterates in the pending motion, arguments that he asserted previously in his May 5, 2011 motion. However, as the Court's previous order made clear, Plaintiff filed his complaint well after the Allen Court's deadline for consolidation. Thus, Plaintiff's motion to consolidate is untimely. (Doc. 10.) Additionally, Plaintiff offers no evidence which is "newly discovered" and has not demonstrated "extraordinary circumstances." It appears that Plaintiff simply disagrees with the conclusion reached by the Court in its October 17, 2011, order. Mere disagreement, however, does not warrant reconsideration under Rule 60(b)(6).

Accordingly, for all the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's November 3, 2011 motion for reconsideration (Doc. 11) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 7, 2011**                    /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE

2