1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9
10

11  KENNETH HUSKEY,              )  Case No.: 1:11-cv-00764 - JLT
                                )
12             Plaintiff,      )  ORDER DISMISSING THE COMPLAINT WITH
                                )  LEAVE TO AMEND
13        v.                        )
                                )  (Doc. 1)
14  AHLIN et al.,               )
                                )
15             Defendants.    )
                                )
16  _____)

17        Plaintiff Kenneth Huskey ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18  *pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is

19  Plaintiff's Complaint filed on May 11, 2011. (Doc. 1)  For the reasons set forth below, the complaint is

20  **DISMISSED WITH LEAVE TO AMEND.**

21      **I.**      **SCREENING REQUIREMENT.**

22        The Court is required to review matters filed by prisoners against government defendants. 28

23  U.S.C. § 1915(A)(a).  The Court is also required to screen complaints where a plaintiff seeks to

24  proceed in *forma pauperis*.  28 U.S.C. § 1915(e).  The Court must dismiss the action or portion

25  thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

26  monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2).  If the

27  Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that

28

1   the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-
2   28 (9th Cir. 2000) (en banc).

3   **II.     THE COMPLAINT**

4   Plaintiff is a 65 year old, civil detainee housed at that Coalinga State Hospital ("CSH"). (Doc.
5   1 at 1, 12).  Plaintiff identifies Pam Ahlin, Executive Director of Coalinga State Hospital, Cliffonor
6   Allenby, Executive Director of DMH and Michele Mudgett, Director of Protection & Advocacy, Inc.,
7   as defendants in this matter. Id. at 1.  Plaintiff seeks to hold defendants liable in both their individual
8   and official capacities. Id. at 2.  Plaintiff asserts that defendants may be held liable in their official
9   capacities where they fail to train or supervise. Id.

10  Plaintiff alleges that he was the victim of inadequate "Policies, Practice and Procedures" that
11  were not promulgated within the "Administrative Law Act," and that violate his constitutional rights.
12  Id. at 2, 4.  Defendants knew or should have known that these conditions would cause injury to
13  Plaintiff. Id. at 4.  Plaintiff indicates that Defendants' actions are "tantamount to the imposition
14  as…punishment without adjudication." Id. at 6.  Plaintiff alleges that Defendants should have known
15  that their policies and practices were "underground" regulations. Id. at 8.

16  Plaintiff indicates that as director of Protection Advocacy, Inc., Defendant Mudgett should
17  have known that Protection Advocacy did not respond to emergency situations. Id. at 11.  Plaintiff was
18  denied medical treatment for his eyes, skin, back and other allergies and was the victim of excessive
19  force. [1] Id. at 12.

20  Plaintiff complains he is restrained by CDCR Officers when transported to outside medical
21  appointments. Id. at 14.   Likewise, Plaintiff takes issue with the fact he is served with "out-of-date"
22  food and because he is subject to weekly room searches. Id.  Plaintiff complains that his mail has been
23  opened by CSH staff without his consent. Id. at 15.  Plaintiff further complains about the sanitation of
24  the food provided to him and that he should be allowed to possess electronic devices and other
25  personal property. Id. at 16-18.

26  ///

27  _____

28  [1] Plaintiff's complaint makes repeated references to exhibits, but no exhibits are attached to the Complaint. *See e.g.,* (Doc. 1 at 14).

### III.    PLEADING STANDARDS

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

#### A.    Federal Rule of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (Id. at 1949) (internal quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense."  (Id. at 1950.)  A Court cannot assume facts which a plaintiff has not alleged. Robinson v. Joya, Case No. 1:08-1339-JLS (BLM), 2010WL890437 *4 (E.D. Cal. 2010).

### IV.    DISCUSSION

#### A.    42 USC §1983 claims against employees in their official capacity violate the Eleventh Amendment

Plaintiff names each of the Defendants in their official capacities. (Doc. 1 at 2).  However,

3

naming an employee in his official capacity is "in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166 (1985); <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.  Therefore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will</u>, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Though Plaintiff cites <u>Kahle v. Leonard</u>, 477 F.3d 544 (8th Cir. 2007) for the proposition that a person sued in his official capacity may be held liable for failing to train or supervise his subordinate, <u>Kahle</u> does not stand for this proposition. Indeed, the portion to which Plaintiff cites merely refers to a "prison official" but provides no analysis as to the issue presented here, where defendants are sued in their official capacities.  <u>Kahle</u> does not contradict, or even address, the United States Supereme Court precedent set forth above and simply has no bearing on the issues.

Therefore, the complaint in the Defendants' official capacities as it relates to the § 1983 claim, is **DISMISSED.**

> **B.**   **Plaintiff does not state a cognizable claim for supervisory liability under § 1983**

Under 42 U.S.C. § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions violated Plaintiff's constitutional rights. <u>Ashcroft</u>, 129 S.Ct. at 1948–49.  Liability may not be imposed on supervisory personnel under § 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* <u>Starr v. Baca</u>, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir.2009); <u>Preschooler II v. Clark County School Board of</u>

1   *Trustees*, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

2          Here, setting aside all conclusory allegations, Plaintiff has not indicated that the Defendants

3   personally undertook a deprivation of Plaintiff's rights.  Plaintiff indicates that Defendants Ahlin and

4   Mudgett should have known that their agencies performed certain practices that violate Plaintiff's

5   constitutional rights.  However, he does not indicate how Defendants should have known about these

6   actions or how Defendants should have acted to prevent such actions.  Furthermore, Plaintiff does not

7   set forth specific instances in which he believes his rights were violated.  Rather, Plaintiff provides the

8   court with a laundry list of generalized grievances.  The Court notes that Plaintiff makes no specific

9   mention of Defendant Allenby other than naming him as a defendant to this action.

10          Thus, the Court **DISMISSES** Plaintiff's Complaint against Defendants Ahlin, Mudgett, and

11   Allenby with leave to amend.  In filing an amended complaint, Plaintiff must provide the Court with a

12   concise statement of the *facts*; his conclusions about what he believed happened will not demonstrate

13   actionable conduct.  Lengthy citation to legal authority is not necessary in the first amended

14   complaint.  Likewise, Plaintiff should refrain from attaching exhibits.  Instead, he should set forth a

15   plain and simple statement of what has happened while addressing who, what, when and where.

16          **C.      Violations of the Administrative Procedures Act do not implicate a § 1983**

17   **claim**

18          Under California law, no state agency may issue or enforce a regulation unless it has

19   been adopted through the procedures set forth in the Administrative Procedures Act ("APA"). Cal.

20   Gov't Code § 11340.5(a); Cole v. Sisto, Case No. 08 CV 2318 JCW, 2010 WL 2303257 * 3 (E.D. Cal.

21   2010).  The California Office of Administrative Law ("OAL") charged with determining whether a

22   given instruction or rule should be adopted pursuant to the APA and any regulation which violates the

23   APA may be deemed and "underground regulation." Cal. Gov't Code §§ 11340.2 and 11340.5; Cole,

24   2010 WL at *3.  While a determination of an "underground regulation" under state law may be

25   persuasive, it is not binding the courts. Cole, 2010 WL at *4.

26          Assuming *arguendo,* that the Court were to find that the policies alleged by Plaintiff

27   were "underground policies" promulgated in violation of the APA, Plaintiff would still be unable to

28   state a due process claim for relief under 42 U.S.C. § 1983. Id.  The Ninth Circuit Court of Appeals

has held that a plaintiff cannot maintain a due process cause of action under 42 U.S.C. § 1983 on the premise that the plaintiff was subjected to a rule that violated state law. Id. (citing e.g. Lone Star Security & Video, Inc. v. City of Los Angeles, 584 F.3d 1232 (9th Cir. 2009). An exception may exist where a plaintiff states that the violation of state law creates an "atypical and significant hardship" as compared to the normal "incidents of prison life." See Cole, 2010 WL at *5.

Here, Plaintiff alleges that the CSH's policies are "underground" regulations in regard to medical care, food and clothing violate Plaintiff's rights. Plaintiff does not allege which exact policies violate the APA. Furthermore, Plaintiff does not plead facts which demonstrate an atypical hardship such to invoke this Court's authority under 42 U.S.C. § 1983. Plaintiff's claim that Defendants practice underground policies and procedures in violation of his constitutional right is **DISMISSED** for failure to state a cognizable claim with leave to amend.

### D. Supplemental Jurisdiction

Should Plaintiff seek to pursue an "underground policy" state claim, Plaintiff is advised that federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and this Court lacks jurisdiction under either 28 U.S.C. § 1331 or § 1332 to adjudicate Plaintiff's state law claims. Should the Court ultimately dismiss Plaintiff's federal claims from this action, Plaintiff is advised that he must pursue his state law claims in state court. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (a district court should not exercise supplemental jurisdiction over state law claims when the federal claims giving rise to supplemental jurisdiction are dismissed before trial). Plaintiff is forewarned that the Court has discretion in retaining or declining supplemental jurisdiction over state law claims if Plaintiff's federal claims are dismissed in the future. 28 U.S.C. § 1367(c)(3). See Foster v. Wilson, 504 F.3d 1046, 1051 (9th Cir. 2007). This is particularly true if his federal claims are dropped from the lawsuit in the early stages of litigation. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). See, e.g., Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).

### V. LEAVE TO AMEND.

The Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro

se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case.  *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## ORDER

Based upon the foregoing, the Court **HEREBY ORDERS** that:

1.      Plaintiff is **GRANTED** leave to file an amended complaint within 21 days of the date of service of this Order that addresses the deficiencies set forth in this Order;

2.      The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

3.      **Plaintiff is firmly cautioned that failure to comply with this order and file his first amended complaint in the time permitted will result in an order dismissing this action**.

IT IS SO ORDERED.

Dated:   **March 26, 2013**                        **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE